UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZACHARY TRUJILLO,

            Petitioner,

v.

RICH SUBIA, Warden, et al.,

            Respondents.

No. CIV S-07-648 MJP

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Zachary Trujillo's petition for writ of habeas corpus. (Dkt. No. 1.) Having reviewed the petition, response (Dkt. No. 10), Petitioner's traverse (Dkt. No. 10), and the balance of the record, the Court DENIES the petition for the reasons set forth below.

**Background**

Mr. Trujillo is a state prisoner who is currently incarcerated at the Mule Creek State Prison in Ione, California. He seeks relief under 28 U.S.C. § 2254 from a 2004 judgment and sentence of ten years by the San Joaquin County Superior Court for attempted murder with a weapon-use enhancement, under California Penal Code §§ 664/187 and 12022(b).

While incarcerated at Duel Vocational Institution, Mr. Trujillo participated in a three-person attack on a fellow inmate on October 12, 2003. (Lod. Doc. 1 at 24-25.) On July 21,

ORDER — 1

2004, an information was filed in the San Joaquin County Superior Court charging Mr. Trujillo with one count of aggravated mayhem and one count of assault by a prisoner under California Penal Code §§ 205 and 4501. (Lod. Doc. 1 at 12-13.) The information further alleged that Mr. Trujillo had committed the offense for the benefit of a criminal street gang, pursuant to California Penal Code § 186.22(b)(1). (Lod. Doc. 1 at 14.) The trial court held a preliminary examination on July 14-15, 2004. (Lod. Doc. 1 at 15-128.)

Pursuant to a plea bargain, Mr. Trujillo entered a no contest plea on September 8, 2004 to an amended count. (Lod. Doc. 2, R.T. at 3, 7.) After colloquy with the defendant and counsel, the trial court accepted an amendment to Count One of the information reflecting a violation of California Penal Code § 664/187, attempted murder without deliberation or premeditation, and an enhancement for use of a deadly weapon under California Penal Code § 12022(b). (Id. at 7.) Mr. Trujillo plead no contest to both the attempted murder and the weapon-use enhancement, and the court accepted his plea. (Id.) Mr. Trujillo's attorney represented that the factual basis for the plea was stipulated pursuant to the preliminary examination. (Id.)

On October 12, 2004, the trial court sentenced Mr. Trujillo to ten years for the amended count, including nine years for the attempted murder charge and a consecutive one-year enhancement pursuant to California Penal Code § 12022(b) for use of a weapon. (Lod. Doc. 2, R.T. at 14.) Mr. Trujillo requested review of the sentence on direct appeal, but later filed a Notice of Abandonment of Appeal and Request for dismissal, which the Court of Appeal granted. (Lod. Docs. 4 & 5.) Mr. Trujillo then filed successive petitions for writ of habeas corpus, first with the Superior Court of San Joaquin County (Lod Doc. 6), then with the California Court of Appeal (Lod. Doc. 7), and finally with the California Supreme Court (Lod. Doc. 8). All three petitions were denied; the San Joaquin Superior Court issued a reasoned decision on the merits, and the Court of Appeal and Supreme Court each denied the petitions without opinion. (Id.)

After properly exhausting his state court remedies, Mr. Trujillo filed this petition seeking a writ of habeas corpus on April 4, 2007. (Dkt. No. 1.) Petitioner identifies two grounds for relief in his habeas petition: (1) that the state superior court lacked jurisdiction to impose an enhancement for personal use of a weapon at sentencing because no evidence that Mr. Trujillo used a weapon was shown at the preliminary examination; and (2) ineffective assistance of appellate counsel for failure to raise the weapon-use enhancement issue on appeal.

**Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. § 1214 (1996) ("AEDPA"), applies to this petition for habeas corpus because it was filed after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under AEDPA, a writ may issue only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established Federal law" refers only to the holdings of the Supreme Court's decisions, and does not include dicta. See Carey v. Musladin, 549 U.S. 70, 74 (2006). A state-court decision is contrary to clearly established Supreme Court precedent if the decision "contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state-court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.

To warrant the issuance of a writ, a federal court reviewing a habeas petition must be convinced that the state court's decision is "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's decision must be "objectively unreasonable." Id. Federal courts must presume the correctness of the state court's factual findings, but Petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

ORDER — 3

## Discussion

Ground One: The Trial Court's Jurisdiction for the Use of Weapon Enhancement

Mr. Trujillo argues that his ten year sentence should be reduced to nine years because the trial court had no jurisdiction to impose the § 12022(b) personal use of a weapon enhancement because: (1) the personal use of a weapon was not charged in the information; and (2) no evidence of personal use of a weapon was shown at the preliminary examination. (Dkt. No. 1 at 8.) Mr. Trujillo presented this issue to the state court in a petition for writ of habeas corpus, and the San Joaquin County Superior Court issued a reasoned decision on the merits. (Lod. Doc. 6.)

Mr. Trujillo's argument relies on the application of California Penal Code § 1009, which "authorizes amendment of an information at any stage of the proceedings provided the amendment does not change the offense charged in the original information to one not shown by the evidence taken at the preliminary examination." People v. Winters, 221 Cal. App. 3d 997, 1005 (Cal. App. 5th Dist. 1990). In its decision on Mr. Trujillo's habeas corpus petition, the San Joaquin County Superior Court found that the amendment allowing a § 12022(b) enhancement did not violate California Penal Code § 1009 "because it [did] not charge a new offense." (Lod. Doc. 6 at 1.) The superior court went on to state that:

> the amendment of an information to allege that a defendant was armed with a deadly weapon at the time of his arrest does not change the offense in any way. This allegation has nothing to do with the elements of the offense charged or its degree. It affects nothing other than the minimum term of the sentence.

(Id. citing People v. Spencer, 22 Cal.App.3d 786, 799 (1972) (internal quotation marks omitted).) The framework for amending criminal pleadings in California is statutorily derived. Winters, 221 Cal. App. 3d at 1005. Mr. Trujillo's current challenge to the state court's application of state law is not cognizable on federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated

ORDER — 4

the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In his petition, Mr. Trujillo contends that "sentencing petitioner to one year for personal use of a weapon violates petitioner's state and federal due process rights[.]" (Dkt. No. 1 at 16.) But a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a due process violation." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). This Court accepts the California court's application of its own statutes, constitution, and common law, and any alleged errors in the application of state law cannot be heard on a federal habeas petition. Id.

Because Mr. Trujillo's first ground for relief is not cognizable in federal habeas corpus, the petition on this ground must be denied.

Ground Two: Ineffective Assistance of Appellate Counsel

Mr. Trujillo also argues that his appellate counsel provided ineffective assistance by failing to raise the issue of the allegedly improper weapon-use enhancement on direct appeal. (Dkt. No. 1 at 22-24.) Mr. Trujillo previously brought this issue before the state court, and the San Joaquin County Superior Court issued a decision on the merits stating that it was "not ineffective assistance to fail to raise [the enhancement issue] on appeal" because "the claim fails on its merits, and no objection was made at trial." (Lod. Doc. 6 at 2.) The court went on to state that "it was also not ineffective assistance of trial counsel to fail to object to the amendment" because "[t]he amendment did not violate the [California] statute and, in fact, was part of petitioner's plea bargain. The failure to object was therefore a valid defense tactic[.]" (Id.)

Under AEDPA, the state court's decision is entitled to deference by this Court. See Campbell v. Rice, 408 F.3d 1166, 1168 (9th Cir. 2005). The Court must now determine whether the state court unreasonably applied the clearly established federal standard for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner will demonstrate ineffective assistance of counsel by showing that: (1) his counsel's performance was deficient such that it fell below an objective standard of

ORDER — 5

reasonableness; and (2) he was prejudiced by his counsel's deficient performance such that, but for counsel's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). When evaluating the conduct of appellate counsel, the two prongs set forth in Strickland "partially overlap" and the Court should determine whether raising the omitted issue on direct appeal "would have led to a reasonable probability of reversal." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). A review of the applicable law indicates no probability of reversal in this case.

Under California law, "[a]n indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." People v. Graff, 170 Cal. App. 4th 345, 362 (Cal. App. 2d Dist. 2009) (quoting California Penal Code § 1009). This guideline has led to the adoption of a general rule "forbidding prosecutions based on charges not established at the preliminary hearing." Id. at 363. Mr. Trujillo's case falls outside this rule because the weapon-use enhancement under California Penal Code § 12022(b) is not a separate charge or offense. Section 12022(b) states that:

> [a]ny person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense.

The San Joaquin Superior Court found that the amended information charged Mr. Trujillo with attempted murder, and the § 12022(b) weapon-use enhancement was a corollary of that offense that did not constitute a separate charge. (Lod. Doc. 6 at 1-2.) This conclusion is consistent with California law, and the state court's denial of Mr. Trujillo's ineffective assistance claim did not unreasonably apply the Strickland standard because the weapon-use enhancement argument would likely have failed on direct appeal.

Further, the § 1009 requirement seeks to ensure that a defendant will not have to defend against charges for which there is no "sufficient cause to believe him guilty thereof." Graff, 170 Cal. App. 4th at 364. However, in the current action, Mr. Trujillo chose to plead no contest to

ORDER — 6

1 | the weapon-use enhancement as part of a plea bargain, with the full understanding that "a no
2 | contest plea is the same as pleading guilty," and that if he plead no contest "the enhancement
3 | [would] be found to be true." (Lod. Doc. 2 at 3.)  In light of Mr. Trujillo's knowing plea and the
4 | stipulation of Mr. Trujillo's counsel that a factual basis existed for the plea, (see id. at 7), the
5 | Court finds no reasonable probability that Mr. Trujillo's sentence would have been reversed on
6 | appeal and his ineffective assistance of appellate counsel claim has not met the Strickland
7 | standard.

Because Mr. Trujillo has not demonstrated ineffective assistance of appellate counsel, his petition on this ground must also be denied.

## Conclusion

Mr. Trujillo has failed to demonstrate entitlement to relief on any ground presented, and the Court hereby DENIES his petition for writ of habeas corpus.

The clerk is directed to send a copy of this order to all counsel of record and to mail a copy to Petitioner.

Dated: March 10, 2009        /s/ Marsha J. Pechman
                             United States District Court Judge

ORDER — 7